UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHAEL CAMERON,
    Plaintiff,

v.

KILOLO KIJAKAZI, Commissioner of
Social Security,
    Defendant.

Case No. 22-cv-465-RMM

## MEMORANDUM OPINION

Michael Cameron brought this case seeking judicial review of a decision of the Commissioner to deny his Disability Insurance and Supplemental Security Income benefits. *See* Compl., ECF No. 1. The Commissioner filed a Motion for Entry of Judgment with Remand, requesting that the Court remand Mr. Cameron's claim "to allow the Commissioner to remand Plaintiff's claim to an administrative law judge (ALJ) for further administrative proceedings on two separate matters brought by Plaintiff." Def.'s Mot. for Remand, ECF No. 15 at 1. Mr. Cameron does not oppose the Commissioner's motion. *See id.* at 2. The parties then filed a joint motion to stay and/or extend the briefing schedule, ECF No. 16, and the Court stayed the briefing pending a resolution on the Commissioner's unopposed motion for remand, Minute Order, Sept. 26, 2022. Therefore, a motion for judgment of reversal has not been filed by Mr. Cameron, nor has a motion for judgment of affirmance been filed by the Commissioner.

This Court remanded an ALJ's previous January 26, 2018 decision regarding Mr. Cameron's benefits in July of 2022. *See Cameron v. Berryhill*, Civ. No. 18-1935-JDB/RMM, ECF No. 23 (D.D.C. July 21, 2022); Def.'s Mot. for Remand, ECF No. 15 at 1. Mr. Cameron now seeks a remand with instructions to consolidate the previous case with the present one so that a new decision may be adjudicated. *See* Def.'s Mot. for Remand, ECF No. 15 at 1–2. This

1

Court notes that Mr. Cameron has filed a Notice of Related Case to *Cameron v. Berryhill* per Local Rule 40.5(b)(2).  *See* Notice of Related Case, ECF. No. 2; Local Rule 40.5(b)(2).

This Court has "the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing" pursuant to the fourth sentence of 42 U.S.C. § 405(g).  A sentence-four remand is appropriate only in conjunction with a final judgment on the Commissioner's decision to deny benefits.  *Melkonyan v. Sullivan*, 501 U.S. 89, 99–100 (1991).  For that reason, a "substantive ruling on the correctness of [the Commissioner's] decision" is a "necessary prerequisite to a sentence-four remand."  *Krishnan v. Barnhart*, 328 F.3d 685, 692 (D.C. Cir. 2003) (citing *Melkonyan*, 501 U.S. at 98–101).  Courts in this District have remanded cases under sentence four even when the claimant has not filed a Motion for Judgment of Reversal.  *See, e.g.*, *Clark v. Astrue*, No. 09-cv-1568, 2009 WL 3245208 (D.D.C. Oct. 5, 2009) (granting Defendant's unopposed motion for entry of judgment with remand prior to any briefing regarding motions for judgment of reversal and affirmance).
Consistent with sentence four of Section 405(g) and the Commissioner's unopposed motion for remand, the Court **GRANTS** the Commissioner's Motion for Entry of Judgment with Remand and **REMANDS** this matter for further administrative proceedings with instructions to consolidate the claim files, associate the evidence, and issue a new decision on the consolidated claims in the present case with those in *Cameron v. Berryhill*.

**SO ORDERED** this February 17, 2023.

```
                                            _____
                                            ROBIN M. MERIWEATHER
                                            UNITED STATES MAGISTRATE JUDGE
```